[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a marital dissolution action commenced by the plaintiff, Daniel Costello, against the defendant, Darlene Costello, by complaint dated August 24, 1995. On July 22, 1996, September 5, 1996, and December 16, 1996 the court heard argument and received evidence pertaining to various pendente lite motions filed by the parties. This Memorandum deals with the parties' CT Page 7028 motions relating to alimony and a modification of support, contempt, counsel and expert fees, and with restraints and accountings related to certain assets of the parties. Based on the evidence adduced at the hearing, the court makes the following findings and orders.
The parties were married on November 21, 1992. They have one minor child, Brendan, who was born on February 16, 1994. Pursuant to a written agreement of the parties, on October 10, 1995 the court granted the plaintiff exclusive possession of the marital home at 29 Woodman Drive in Mansfield. Additionally, the court granted the parties joint custody of Brendan in accordance with a detailed access schedule they presented to the court. The court also ordered the plaintiff to pay the a detailed access schedule they presented to the court. The court also ordered the plaintiff to pay the defendant eighty five ($85) dollars a week as child support pursuant to the parties' agreement. Finally, the defendant was ordered to return to the plaintiff any records in her possession that she removed from the marital home.
At the time these orders were entered, both parties filed financial affidavits with the court. The plaintiffs affidavit reflected weekly gross income of nine hundred eighty seven ($987) dollars while the defendant's affidavit reported no weekly gross income. After the initial court orders, the parties, on November 15, 1995, agreed to modify their parenting agreement to provide, in essence, for an equal weekly sharing of time with Brendan.
On April 4, 1996, the defendant filed a motion for alimony and for a modification of the existing child support order. Additionally, the defendant, by motion dated April 16, 1996, asked the court to enjoin the plaintiff from canceling medical insurance coverage for herself and Brendan, and for an order requiring the plaintiff to reinstate and maintain car insurance pertaining to the vehicle driven by the defendant. By motion dated May 13, 1996, the defendant requested a court order restraining the plaintiff from disposing of assets during the pendency of this action. Also, by motion dated June 10, 1996, the defendant has asked the court to find the plaintiff in contempt for his alleged failure to comply with the court's child support order. Finally, the defendant has asked the court for an order requiring the plaintiff to pay an allowance toward the costs of the defendant's counsel fees and for the retention of an accountant or business evaluator to assess the value of the plaintiffs interest in a corporation known as Direct Response, CT Page 7029 Inc. The plaintiff, in turn has asked the court for an order requiring the defendant to return sums she withdrew from joint accounts and for an accounting of sums she has dispersed. This Memorandum deals with the above motions.
Following the first day of the hearing on this matter on July 22, 1996, the court ordered a freeze on all accounts. Additionally, the court granted the defendant's Motion to Restrain in an interim basis, and ordered the plaintiff not to cancel or revoke any insurance until further order of the court. Finally, the court ordered that the parties' MBNA certificate of deposit be split between them with the understanding that the defendant would utilize her portion of this distribution to register a certain motor vehicle in her own name.
Because of the length of time between the first filing of these motions and the dates on which they were heard, the court has asked the parties to submit current financial affidavits. The parties' affidavits, both dated December 16, 1995, reflect that the plaintiff has gross weekly income of twenty eight hundred ($2800) dollars with net weekly earnings of one thousand eight hundred eight ($1808) dollars, and the defendant's affidavit shows gross weekly earnings of ninety five ($95) dollars and a weekly net of eighty ($80) dollars.
MODIFICATION OF CHILD SUPPORT
The court finds that the significant increase in the plaintiffs reported earnings since the entry of the pendente lite child support order constitutes a substantial change in the parties' financial circumstances. Accordingly, a modification of the court's child support order is warranted. Since the parties' combined net weekly income exceeds one thousand seven hundred fifty ($1750) dollars, strict application of the Child Support Guidelines is inappropriate except that, in accordance with guideline dictates, the parties' child support obligation should not be less than the obligation of parents whose combined net incomes equals one thousand seven hundred and fifty ($1750) dollars. cf Preamble to Child Support and Arrearage Guidelines, Applicability of child support guidelines, Income scope. Therefore, in accordance with the Guidelines, the parties' total weekly support obligation should be no less than three hundred twenty seven ($327) dollars. Since the plaintiffs earnings constitute 95.7% of the parties' total income, his weekly support obligation, in accordance with the guidelines, should be no less CT Page 7030 than three hundred thirteen ($313) dollars. The court is mindful, however, that the parties share joint physical custody of Brendan, a factor which the court may consider as a proper basis for deviating from the guidelines. cf. C.G.S. § 46b-215a-3 (b)(6)(A). The court may also consider the totality of its family support orders, including alimony, in fashioning a child support order. cf C.G.S. § 46b-215a-3 (b)(5)(B). Accordingly, the court grants the defendant's Motion to Modify Support and orders the plaintiff to pay to the defendant, as child support, the weekly sum of two hundred fifteen ($215) dollars. In determining this amount, while the parties' joint custodial arrangement has been considered, the court has rejected the strict application of any formula based on a mathematical calculation of the time each parent spends with Brendan. This amount shall be paid by check and mailed by the plaintiff to the defendant by Wednesday of each week.
ALIMONY
The defendant, who is a college graduate and who is studying for a master's degree at the University of Connecticut, is presently employed part-time teaching computer usage to small children. While she is not paid on an hourly basis, her earnings equate to approximately ten ($10) to eleven ($11) dollars an hour. During the marriage, until June 1994, Mrs. Costello was employed as a school teacher. While the court intends to frame its pendente lite orders on the basis of the parties' actual present earnings, the court believes that the defendant has earning capacity substantially in excess of her present wages and finds no reason that the defendant should not be gainfully employed full-time in the near future.
The plaintiff has a fifty (50%) percent ownership interest in Direct Response, Inc., a Connecticut corporation engaged in the business of advertising for various clients including politicians, educational institutions, and businesses. A review of relevant corporate tax returns reveals that the plaintiff's annual gross income from this activity was one hundred ninety five thousand five hundred ($195,500) dollars in 1994 and one hundred seventy seven thousand five hundred $177,500) dollars in 1993. For calendar year 1996, the plaintiff shows gross income which equates to two thousand eight hundred ($2800) dollars a week. It is noteworthy that in each of the past several years, a substantial portion of the plaintiff's income has been received in the last few weeks of the year. Accordingly, the court CT Page 7031 fashions its alimony and support orders on the basis of the total annual income reported by the plaintiff on his December 16, 1996 financial affidavit.
Under the present financial circumstances of the parties, and taking into consideration the factors referred to in C.G.S. §46b-83, the court orders the plaintiff to pay to the defendant, as alimony pendente lite, the weekly sum of five hundred ($500) dollars. This amount shall be paid by the plaintiff directly to the defendant by check mailed by Wednesday of each week together with the amount ordered for child support.
INSURANCE
The plaintiff is ordered to maintain the defendant and Brendan on his employment related health insurance policy. Each party is ordered to pay one half the costs of any health care treatment received by Brendan and not covered by insurance or below any insurance deductible. The plaintiff is ordered to maintain the defendant and Brendan as the beneficiaries of his existing life insurance policies, keeping the current death benefit amounts in full force and effect. In the event the plaintiff has changed the beneficiary designations of any of his current life insurance policies during the pendency of this action, the plaintiff is ordered to amend any such designations to restore them to the designations in effect immediately prior to the commencement of this action. The plaintiff shall provide proof to the defendant of his compliance with this requirement within thirty days of this order.
CONTEMPT
While the defendant adduced some evidence that the plaintiffs child support payments have not always been timely, the evidence is insufficient to find that the plaintiff has wilfully and voluntarily violated the court's order. The Motion for Contempt is denied.
RESTRAINTS AND FREEZE ORDERS
Since the court makes its alimony and support orders on the basis of the plaintiffs affidavit reflecting total annual income of one hundred forty five thousand six hundred ($145,600) dollars, the court intends that any compensation over that amount received by the plaintiff in 1996 should be deposited by the CT Page 7032 plaintiff and held until further order of the court. Accordingly, the court orders the plaintiff to deposit into an interest bearing account in the name of both parties any employment related distributions he receives in 1996 in excess of the total sum of one hundred forty five thousand six hundred ($145,600) dollars. Neither of the parties shall thereafter withdraw, transfer, spend or alienate any of such sums without the written agreement of the parties or until further order of this court. This order shall pertain not only to taxable income received by the plaintiff but also to any funds received through his employment, including loans. It shall not, however, include any direct reimbursement received by the plaintiff from Direct Response, Inc., for business expenses he has actually paid. The plaintiff is further ordered to report the receipt of any distributions he receives in 1996 in excess of one hundred forty five thousand six hundred ($145,600) dollars as a result of his employment immediately upon receipt to the defendant, through counsel.
During the course of the parties' separation, the plaintiff also has acted unilaterally in matters relating to income and assets. In March of 1996, the plaintiff received the approximate sum of thirty thousand ($30,000) dollars which he utilized to reduce the balance of a second mortgage on property owned by the parties. Additionally, the plaintiff agreed to convey a family motor vehicle to a neighbor for fifty two hundred ($5200) dollars which he expects to receive in February 1997. The plaintiff is ordered to report the receipt of this sum immediately to the defendant and is ordered to deposit it into a joint interest bearing account, not to be spent, withdrawn, transferred or alienated by either party without written agreement of both parties or until further order of the court. In addition to this order pertaining to the plaintiffs 1996 earnings and the receipt of funds from the motor vehicle, the court enjoins each party from expending, transferring, withdrawing, or alienating any assets in his or her possession without written permission of both parties or until further order of the court. In making this order, the court specifically exempts from its injunction the checking account(s) each uses for routine expenditures.
COUNSEL AND EXPERT FEES
The defendant has asked the court to order the plaintiff to contribute sums toward her counsel fees and to retain a business evaluator. The court finds that at the time of the parties' CT Page 7033 separation the defendant appropriated to herself the sum of thirty two thousand ($32,000) dollars from various accounts of the parties. The court also finds that the defendant expended, between August 1995 and July 1996, the total sum of thirty four thousand ninety four ($34,094) dollars for the three lawyers she retained seriatim in this matter, in addition to the sum of four thousand three hundred sixty nine ($4369) dollars paid to Brendan's counsel. The defendant is not alone in her willingness to fund this marital combat. As of September 5, 1996, the plaintiff had paid twenty five thousand ($25,000) dollars in counsel fees to his counsel, and he stated that he owed the further sum of nine thousand ($9000) dollars. Thus, between them, in the first year of this litigation, the parties had expended on counsel fees an amount nearly sufficient to finance three years of private college education for Brendan, not for his benefit, but in order to fuel this marital dissolution litigation. While the plaintiff has apparently managed to fund his expenditures out of cash flow, the defendant paid her fees from the parties' joint accounts, from her own earnings, and from funds advanced to her by her parents. One purpose of an order of counsel fees, as well as an allowance for expert fees, is to permit an economically disadvantaged party to have equal access to resources necessary for the protection of one's rights in a pending marital dissolution. The law does not require the court to abet extravagance or waste. The court therefore declines to make any present order for the payment of counsel fees. As to fees to retain an expert business evaluator, evidence adduced at the pendente lite hearing demonstrates that the plaintiff is a fifty percent (50%) shareholder in a personal service corporation in the advertising business. While the corporate returns reflect that the corporation owns modest assets, the court is unpersuaded, on the basis of the present testimony, that the expenditure of substantial funds for an evaluation of this personal service business is warranted. Additionally, the court has taken the expenses of litigation into consideration in framing its alimony order. Accordingly, the defendant's motion for counsel and expert fees is denied. This order is entered without prejudice to the right of either party to renew a request for either counsel and/or expert fees if accompanied by a credible offer of proof justifying such an order.
EFFECTIVE DATE
The court's orders for the payment of alimony and modifying child support are effective as of August 1, 1996. In selecting CT Page 7034 this date, the court has taken into consideration the plaintiff's total annual earnings as well as the defendant's expropriation of joint funds for her use. Since the effective date of these orders will create an arrearage, the plaintiff is authorized to withdraw funds he presently holds on account for the purpose of paying the defendant the amount of the arrearage through December 31, 1996. The arrearage payment shall be made on or before January 10, 1997.
ACCOUNTING
While the court does not countenance the parties' unilateral behavior concerning the use of funds during their separation, the court is satisfied from the evidence that each has provided a reasonable accounting concerning these expenditures. Accordingly, the court enters no further order for an accounting at this time.
CASE MANAGEMENT
In its current posture, this matter is fully contested. Accordingly, the court, sua sponte, refers the matter to the Regional Family Trial Docket in Middletown for disposition of all outstanding issues. All discovery shall be completed on or before March 15, 1997. In the event either party fails, unreasonably, to provide the other with information and/or documents material to any issues in this litigation, or fails, unreasonably, to appear and answer questions at a properly noticed deposition, such party shall be subject to judicial sanctions.
Bishop, J.